UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LOVING,

        Petitioner,

                                      Case No. 23-cv-12287
v.                               HONORABLE MARK A. GOLDSMITH

ADAM DOUGLAS,

        Respondent.
_____/

**OPINION & ORDER
(1) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS (Dkt. 1), (2)
DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Following a jury trial in Michigan's Macomb County Circuit Court, Joseph Loving (Petitioner) was convicted of carjacking, Mich. Comp. L. § 750.529a; armed robbery, Mich. Comp. L. § 750.529; and two counts of possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. L. § 750.227b. He was sentenced in March 2022 as a third habitual offender, Mich. Comp. L. § 769.11, to concurrent terms of 18 to 40 years in prison on the carjacking and armed robbery convictions and two years in prison on each of the felony firearm convictions, to be served concurrently to each other but consecutively to the other sentences.   In his pro se petition (Dkt. 1), which is vague and conclusory, he raises claims of "critical error" by the trial court and ineffective assistance of trial counsel.   For the reasons set forth below, the Court concludes that Petitioner has not properly exhausted state court remedies as to his habeas claims and dismisses

1

without prejudice the habeas petition.   The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## I.   ANALYSIS

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the motion, any attached exhibits,   and the record of prior proceedings that the moving party is not entitled to relief."   Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243.   If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  Id.; Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).   A dismissal under Rule 4 includes petitions that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.   Carson v. Burke, 178 F.3d 434, 436–437 (6th Cir. 1999).

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all available state court remedies.   See 28 U.S.C. §§ 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").   The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts.   See McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000)..   The claims must also be presented to the state courts as federal constitutional issues.   See Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).   For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.   Hafley

v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).   The burden is on the petitioner to prove exhaustion.   Rust, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner fails to meet his burden of demonstrating exhaustion of state court remedies. He does not indicate that he pursued a direct appeal of his convictions—and the Court's search of online state court records reveals no such filings.   Petitioner, however, does indicate that he filed an action at "350 Ottawa NW in Grand Rapids, Michigan – lower courts" (an address for the Michigan Court of Appeals) on August 17, 2023.   See Pet.   But the Court's search of online state court records reveals no filing on that date.   Rather, Michigan Court of Appeals records show that Petitioner submitted a state habeas complaint in December 2022, which was dismissed for filing deficiencies with pleadings returned to him in May 2023.   See Loving v. Macomb Cir. Ct., No. 364228 (Mich. Ct. App.), courts.michigan.gov/c/courts/coa/case/364228.   In any event, Petitioner fails to show that he has fully exhausted state court remedies as to his habeas claims by properly presenting them to the Michigan Court of Appeals and the Michigan Supreme Court.

While the time for pursuing a direct appeal of his convictions has passed, Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding on habeas review in federal court.   For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 raising his unexhausted claims before the state trial court and then pursue those claims in the state appellate courts as necessary.   Petitioner's unexhausted claims potentially concern matters of federal law and they must be properly presented to the state courts in the first instance.   Otherwise, the Court cannot apply the standard of review applicable to habeas cases brought by state prisoners as set forth in 28 U.S.C. § 2254.

## II.   CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not exhausted state court remedies as to his habeas claims.   Accordingly, the Court dismisses without prejudice the habeas petition.   The Court makes no determination as to the merits of his claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue.   See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   When a federal court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.   Slack v. McDaniel, 529 U.S. 473, 484–485 (2000).   Reasonable jurists could not debate the correctness of the Court's procedural ruling.   Accordingly, the Court denies a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. See Fed. R. App. P. 24(a).   Accordingly, the Court denies leave to proceed in forma pauperis on appeal.

SO ORDERED

Dated: April 15, 2024                                    s/Mark A. Goldsmith
Detroit, Michigan                                        MARK A. GOLDSMITH
                                                         United States District Judge